UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARY JO HENDERSON, d/b/a 3H
Associates,

                    Plaintiff,

        v.

MAURICE BLOUNT,

                    Defendant.

CASE NO. C10-5433BHS


ORDER GRANTING
VOLUNTARY DISMISSAL
AND DENYING MOTION
FOR ATTORNEY'S FEES

This matter comes before the Court on Plaintiff Mary Jo Henderson's ("Henderson") notice of voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure (Dkt. 9) and Defendant Maurice Blount's ("Blount") motion for attorney's fees (Dkt. 11).

On June 19, 2010, Henderson filed a complaint against Blount alleging a breach of contract and seeking damages including those resulting from Henderson's emotional distress.  Dkt. 1.  On July 7, 2010, Blount filed a motion to dismiss Henderson's claims for emotional distress under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. 7.  On July 29, 2010, Henderson filed a notice of voluntary dismissal of this action without prejudice and without cost.  Dkt. 9.  On August 10, 2010, Blount responded to the notice stating that he objected to the voluntary dismissal because he filed an answer in this action and because the dismissal would be prejudicial to his defense against the

claims for emotional distress.  Dkt. 10.  On August 5, 2010, Henderson replied to

Blount's response to the voluntary dismissal stating that such dismissal would not

prejudice Blount as Henderson conceded that she did not have any claims for emotional

distress.  Dkt. 13.  In addition, Henderson states that this Court lacks diversity jurisdiction

over the matter as the amount in controversy, without the emotional distress claims, does

not exceed the jurisdictional minimum of $75,000.  *Id*., *see* 28 U.S.C. § 1332(a).  On

August 2, 2010, Blount filed his motion for attorney's fees.  Dkt. 11.

  First, the Court notes that contrary to Blount's assertion, no answer has been filed

in this action.  Accordingly, the Court grants Henderson's notice of voluntary dismissal of

this action without prejudice.  *See Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (stating

that after Defendants have filed a Rule 12(b)(6) motion to dismiss, "plaintiff is free to file

a proper notice of dismissal pursuant to Rule 41(a)(1)" and that "Defendants continue to

enjoy the protection of that rule, too, in that they may prevent unilateral dismissal by

serving plaintiff with an answer").  In addition, the Court concludes that Blount's motion

for attorney's fees (Dkt. 11) is denied.  Blount cites to Rule 41(d) in support of his

motion, but Rule 41(d) only governs an award of costs, not attorney's fees, and is

applicable in the court in which a *subsequent* action is filed.  Fed. R. Civ. P. 41(d).

Therefore, if Henderson files a subsequent action against Blount, he is free to seek relief

in the court in which that action is filed.

  Therefore, it is hereby **ORDERED** that Blount's motion for attorney's fees (Dkt.

11) is **DENIED** and this action is **DISMISSED without prejudice and without costs**.

  DATED this 25th day of August, 2010.

BENJAMIN H. SETTLE
United States District Judge